JUSTICE BAKER,
concurring.
¶29 I agree that the District Court should be affirmed on both issues, but for different reasons.
¶30 First, I agree that the one-year limitation period prescribed in § 2214, R.C.M. (1935) bars the action because neither exception applies. I do not believe that it is necessary, however, to analyze the constitutionality of Musselshell County’s actions in the 1940s in order to determine whether Bergum’s claim is barred. As the Court notes, § 2214 provided in pertinent part that
no action can be maintained to set aside or annul a tax deed ... upon any ground whatever, whether on the ground that said deed, or any prior proceeding, was irregular or void, other than that the deed was void because no taxes were delinquent on said lands, or because redemption had been made from said tax sale, unless the action is commenced within one year from and after the date of the issuance of said tax deed[.]
¶31 Bergum claims advantage of the first exception on the ground that “no taxes were delinquent” on the property. But her allegation that the tax deed was void is premised on the County’s allegedly unconstitutional action in retaining the mineral rights to the property when it was reclaimed in 1941. Bergum argues that the 1941 certificate of redemption could not legally convey to Wilson the “surface rights only.” Bergum’s challenge is to the procedure by which the surface rights and mineral rights were severed and to the County’s authority to tax the two interests separately.
¶32 The statute’s reference to taxes not being delinquent on the property clearly allowed a property owner to challenge the taxing authority’s determination that the property owner failed to pay assessments levied against the property. The property owner’s *333 challenge to the legality of the assessments in the first place is not the same thing as a claim that the owner paid the taxes assessed. When interpreting the language of the statute, the Court “is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted.” Section 1-2-101, MCA. Further, we recognize that “courts should avoid addressing constitutional issues whenever possible.” Sunburst Sch. Dist. No. 2 v. Texaco, Inc., 2007 MT 183, ¶ 62, 338 Mont. 259, 165 P.3d 1079. I would conclude that a taxpayer’s challenge to the constitutionality of a county’s tax assessment is not within the first exception to § 2214, R.C.M. (1935). For the same reason, the second exception does not save Bergum’s claims, which are premised on the alleged illegality of the County’s action in allowing Wilson to redeem only the surface rights.
¶33 I would therefore conclude that Bergum’s claim is barred by the one-year limitation period without reaching the merits of Bergum’s constitutional arguments about separate taxation of surface and mineral interests or redemption of surface rights only. “We may affirm a district court decision that is correct regardless of the district court’s reasoning in reaching its decision.” PacifiCorp v. State, 2011 MT 93, ¶ 54, 360 Mont. 259, 253 P.3d 847.
¶34 With respect to Issue Two, I agree that the denial of attorney’s fees to the County was correct. In my view, the County’s argument that it made a valid settlement offer for purposes of § 25-7-105, MCA, is disingenuous. Though the County casts its offer as a benefit to the Plaintiffs that simply was made with “poetic wrapping and literary allusion,” no reasonable mind could conclude that the offer of a lump of coal made days before Christmas was a good faith settlement offer. I would conclude that in order to obtain the attorney’s fee benefit afforded by the statute, a party must make a legitimate, good faith offer of settlement. The County’s “offer” in this case does not by any measure meet that standard, and was especially in poor taste when coming from a public entity.